In the Supreme Court of Georgia

Decided:    September 14, 2015

S15Y1146.  IN THE MATTER OF STEVEN SALCEDO.

PER CURIAM.

This disciplinary matter is before the Court on the Notice of Discipline seeking the disbarment of Steven Salcedo (State Bar No. 382035).  The State Bar attempted to serve Salcedo personally at the address listed with the State Bar, which was a post office box, but Salcedo did not acknowledge service of the disciplinary pleadings within 20 days of mailing.  The State Bar then properly served Salcedo by publication, pursuant to Bar Rule 4-203.1 (b) (3) (ii).  Salcedo failed to file a Notice of Rejection.  Therefore, he is in default, has waived his rights to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court.  See Bar Rule 4-208.1 (b).

The facts, as deemed admitted by virtue of Salcedo's default, show that he represented a client in two medical malpractice actions regarding complications resulting from an allergy shot and complications resulting from

laser ablation. After the client provided Salcedo with information and documentation regarding her claims, Salcedo filed a suit regarding the allergy shot. However, after he failed to appear at a status conference, that suit was dismissed for want of prosecution, and he did not inform the client that her suit had been dismissed. Salcedo failed to file any suit regarding the laser ablation and further failed to inform the client that no suit had been filed. Salcedo also failed promptly to respond to the client's attempts at communication and to provide the client with her client files.

Based on these facts, the Investigative Panel found probable cause to believe that Salcedo violated Rules 1.2, 1.3, 1.4, and 1.16 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rules 1.2 and 1.3 is disbarment, and the maximum sanction for a violation of Rules 1.4 and 1.16 is a public reprimand. In aggravation of discipline, the Investigative Panel found that Salcedo had abandoned two of his client's claims, suggesting a pattern of misconduct, and that he obstructed the disciplinary process by failing to respond to the Notice of Discipline.

Having reviewed the record, we conclude that disbarment is the appropriate sanction in this matter. Accordingly, it is hereby ordered that the

name of Steven Salcedo be removed from the rolls of persons authorized to practice law in the State of Georgia. Salcedo is reminded of his duties pursuant to Bar Rule 4-219 (c).

Disbarred. All the Justices concur.